UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI E. MCGRAW,<br><br>   Plaintiff,<br><br>  v.<br><br>DEMATIC CORPORATION, a foreign corporaiton, and FRED MEYER STORES, INC., a foreign corporation,,<br><br>   Defendants. | NO. C07-5547 KLS<br><br>ORDER DENYING ADDITIONAL INTERROGATORIES |

This matter comes before the court on the Plaintiff's Motion to Allow Additional Interrogatories Pursuant to Federal Civil Rule 33. (Dkt. #18). Only the Defendant Dematic filed any opposition to the Plaintiff's motion.

**PROCEDURE**

The Plaintiff requests an order from this court allowing her to propound 50 interrogatories to each defendant as opposed to the 25 allowed pursuant to Fed. R. Civ. P. 33(a)(1). That rules permits the service of additional interrogatories only on leave of the court "granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 26(b)(2) allows alteration of the limits on the number of interrogatories if granted by court order.

With regard to the 25 interrogatory limit, the Advisory Committee Notes to the 1993 Amendments to Fed. R. Civ. P. 33 state that "[t]he aim is not to prevent needed discovery, but to provide judicial

Order Denying Additional Interrogatories
Page - 1

scrutiny before parties make potentially excessive use of this discovery device." In order to pass judicial scrutiny, the Plaintiff must show good cause for her request.

**DISCUSSION**

In support of her motion, the Plaintiff notes two factors. First, this is a product liability case. Second, she identified the following subjects on which discovery would be needed: (1) initial plans, brochures, changes and/or modifications to the material handling system, including all pre- and post-accident installations, changes and/or modification; (2) any and all communications between the two defendants; (3) safety meeting minutes and correspondence; and (4) communications between the defendants and the genesis of the material handling system, the requirements dictated by Fred Meyer Stores and any modifications or changes made during the construction of the system and subsequent thereto.

In its response, Dematic notes that the four identified areas of discovery are more appropriate for Requests for Production of documents and not interrogatories. Dematic also states that it has not yet been served with any interrogatories from the Plaintiff.

The undersigned is aware of the fact that the Plaintiff requested the same number of additional interrogatories in the Joint Status Report and it appears that this request is made for the purpose of proceeding forward with discovery with limited interruptions that may require court orders.

**DECISION**

The Court is required to make a determination, based on a finding of good cause, as to whether additional interrogatories are in fact needed beyond the 25 allowed by Rule 33. While the Plaintiff has identified areas needing discovery, it appears that the specific areas of inquiry she identified are subject to requests for production of documents and do not necessarily have to be included in an interrogatory. In addition, few specifics have been provided to this Court as to why the numerical limit imposed by the Rule 33 will prevent the Plaintiff from obtaining necessary discovery through the discovery process. The Court does not believe that the fact this is a product liability case is reason, in and of itself, to permit an increased number of interrogatories.

The Court finds that the plaintiff has failed to show good cause as to why 50 interrogatories per defendant should be allowed and the motion is hereby DENIED. (Dkt. #18)

The Court is aware, however, that the Plaintiff may return with the same request after having made

1  good faith efforts to obtain discovery through the required initial disclosure process, requests for
2  production and the permitted number of interrrogatories.
3       DATED this 26th day of March, 2008

                                           Karen L. Strombom
                                           United States Magistrate Judge